### SAMUEL BLANCHARD *vs.* HENRY KIMBALL.

Under *St.* 1840, *c.* 87, § 1, and Rev. Sts. *c.* 107, § 3, the question, whether a writ of entry is brought for the foreclosure of a mortgage, depends on the case, as disclosed by the proof, and not on the form of the writ.

A writ of entry, brought by a mortgagee, in the court of common pleas, in the form allowed by Rev. Sts. *c.* 107, § 3, may be amended, so as to show that the demandant claims possession against the tenant, under a mortgage.

WRIT OF ENTRY. The original count demanded of the tenant " possession of a certain parcel of land, situated in Woburn;" (described by metes and bounds;) " whereupon the said Blanchard says, that he was seized of the demanded premises, with the appurtenances, in his demesne as of fee, within twenty years last past, and ought now to be in quiet possession thereof; but the said Kimball hath since unjustly entered, disseized him thereof, and still withholds the same."

The action was commenced in the court of common pleas; and the tenant, at the return term, moved the court (held by *Wells*, C. J.) that the action might be dismissed, because the court had no jurisdiction thereof, " as appears fully from the declaration in said case." The demandant thereupon moved for leave to amend his count, by adding, after the words "in his demesne as of fee," the words " and in mortgage." The court allowed the amendment to be made; and the tenant alleged exceptions.

*Nelson*, for the tenant. By *St.* 1840, *c.* 87, § 1, the supreme judicial court has " original and exclusive jurisdiction

of all writs of entry, except for the foreclosure of mortgages." The demandant's original count was not for the foreclosure of a mortgage, and the court of common pleas had no jurisdiction of the action. The question is, whether that court can acquire jurisdiction by merely allowing an amendment.

*Perry*, for the demandant. It is doubtful, perhaps, whether any amendment was necessary. *Ingalls* v. *Richardson*, 3 Met. 340. But the amendment was allowable. In *Bell* v. *Austin*, 13 Pick. 93, it is said, that " where the court has jurisdiction of the persons and subject matter, the proceedings, without danger or injustice, may be shaped and varied so as to reach the justice of such case, between those parties," and an amendment be made. This was under *St.* 1784, *c.* 28, § 14. By the Rev. Sts. *c.* 100, § 22, matter of substance, as well as of form, may be amended. *Poyen* v. *McNeill*, 10 Met. 291.

Shaw, C. J. There is an obvious difficulty in carrying into effect the provision, in the jurisdiction act, (*St.* 1840, *c.* 87,) that the supreme judicial court shall have original and exclusive jurisdiction of all writs of entry, " except for the foreclosure of mortgages." The difficulty arises from the Rev. Sts. *c.* 107, § 3, which provide that " the mortgagee, in an action for possession, may declare on his own seizin, as in a writ of entry, without mentioning the deed of conveyance, or the condition or defeasance thereof," or stating his title as mortgagee. Of course, it cannot be determined by the writ, whether the suit is brought for the foreclosure of the mortgage. Even when the demandant's only title is a mortgage, his suit may be brought before breach of the condition, or against a stranger having no right to redeem; and then it is not a suit for the foreclosure of a mortgage. It depends on the case as disclosed by the proof, and not on the form of the writ. *Ingalls* v. *Richardson*, 3 Met. 340.

From this view, it is manifest that there are cases in which the court of common pleas has jurisdiction, and in which the count is general, as in the present case. It could not be

known, until further proceedings, that this was not such a case. The tenant was therefore rightly summoned, and bound to appear and answer. The court had jurisdiction of the parties and the subject matter. The person and case could be rightly understood; Rev. Sts. *c.* 100, § 21; and therefore the court had full authority to allow an amendment. *Bell* v. *Austin*, 13 Pick. 93.

Whether the demandant might not have proceeded, without an amendment, it is not necessary to decide. On principle, it would seem that he might; because when, in the progress of the suit, he should come to show his title, it would appear to be a suit for the foreclosure of a mortgage. But the amendment, being rightfully allowed, puts the question beyond doubt. *Exceptions overruled.*